# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| LINDA SHREWSBERRY and BYRON SHREWSBERRY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:18-cv-00030 ) CHIEF JUDGE CRENSHAW ) |
| HOBBY LOBBY STORES, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Before the Court is an initial determination of whether the Court has jurisdiction over this case. On March 23, 2018, within a year of filing the state court complaint, the Putnam County Circuit Court granted summary judgment against Center Association, A Tennessee Joint Venture, Norman W. Ginsberg, Harris A. Gilbert, individually and as trustee, PJK-LLC, Eric Chazen, and Ellen W. Jacobs. (Doc. No. 1; Doc. No. 1-2.) As a result, the non-diverse parties were dismissed, prompting Defendant to remove this case based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) The Court issued a Show Cause Order, ordering Defendant to explain "why this case should not be remanded to state court for lack of jurisdiction." (Doc. No. 7.) After reviewing the parties' responses (Doc. Nos. 9, 10), the Court concludes that it lacks subject matter jurisdiction.

Generally, "any civil action brought in State court of which the district courts of the United States have original jurisdiction [ ] may be removed by the defendant or the defendants [ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If the "case stated by the initial pleading is not removable,

a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A case may not be removed on the basis of diversity of citizenship jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Id. at (c)(1). The burden of proving jurisdiction is on the removing party, and "all doubts to the propriety of removal are resolved in favor of remand." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (citing Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994)).

Defendant argues that the Court has diversity of citizenship jurisdiction under § 1332(a). It argues that the non-diverse defendants were dismissed by the state court within a year, and it filed the Notice of Removal within thirty days of the order dismissing the non-diverse defendants, complying with § 1446. (Doc. No. 9.) Plaintiffs ask the Court to remand the case under Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999) (citing Easley v. Pettibone Mich. Corp., 990 F.2d 905, 908 (6th Cir. 1993)), because the parties were not diverse at the time the case commenced. (Doc. No. 10.)

In Jerome-Duncan, the plaintiff amended the complaint to add a non-diverse party one day prior to removal, thereby precluding removal because to remove a case under diversity of citizenship, complete diversity must exist "at the time the case is commenced and at the time that the notice of removal is filed." Jerome-Duncan, 176 F.3d at 907 (citing Easley, 990 F.2d at 908); see also Smith v. Hilliard, 578 F. App'x 556, 561 (6th Cir. 2014) (finding jurisdiction did not exist at the time of removal because Tennessee citizens were among both the plaintiffs and defendants); 14B C. Wright & A. Miller, Federal Practice & Procedure § 3723, at 696 (3d ed. 2008) ("[A] long

2

line of authority supports the proposition that when diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court."). However, because the addition of the non-diverse party was a fraudulent joinder, the Sixth Circuit affirmed the denial of the Motion to Remand. Id. at 912.

Whether the dismissal of a non-diverse defendant triggers § 1446(b)(3) and allows a defendant to remove a case that was not initially removable depends on "whether the non-diverse party is eliminated from the state action by voluntary or involuntary dismissal." Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) (citing Heniford v. Am. Motors Sales Corp., 471 F. Supp. 328, 334-35 (D.S.C. 1979)). When the dismissal is an involuntary dismissal on the merits, in which the plaintiff may appeal the dismissal of the non-diverse defendant and obtain a reversal, destroying diversity jurisdiction, courts have generally held that such dismissals do not give rise to diversity jurisdiction under § 1446(b). Id.; see Knudson v. Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011) (reversing district court's denial of a motion to remand after involuntary dismissal of non-diverse defendant); Poulos v. Naas Foods, Inc., 959 F.2d 69, 72 (7th Cir. 1992) (upholding the voluntary/involuntary rule); Cobalt Mining, LLC v. Bank of America, N.A., No. 3:07-cv-598-S, 2008 WL 695887, at *2 (W.D. Ky. March 12, 2008) (remanding case after involuntary dismissal of non-diverse defendants in state court); see also Federal Practice & Procedure § 3723, at 701 ("Federal courts general hold that when a plaintiff voluntarily drops from the state court action a party whose presence would defeat diversity, the case becomes removable even though diversity of citizenship did not exist when the state court action was commenced."). In fact, "every court of appeals that has addressed the voluntary/involuntary rule has held that it survived enactment of section 1446(b)." Poulos, 959 F.2d at 72 (citing the 4th, 5th, 8th, 9th, and 10th Circuits).

Here, Defendant concedes that the state court complaint initially lacked complete diversity of citizenship and that the non-diverse defendants obtained summary judgment on the merits, resulting in their dismissal. (Doc. No. 9.) Summary judgment is an adjudication on the merits, and Tennessee law explicitly excludes summary judgment from the definition of a "voluntary dismissal." Tenn. R. Civ. P. 41.01. Defendant has not established that the Court has diversity of citizenship jurisdiction in this case.

Accordingly, this case is remanded to the Putman County Circuit Court.

The Court will enter an appropriate order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE